1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9   ROBERT DODSON,
                                      NO. CIV. S-06-01486 LKK/DAD
10
            Plaintiff,
11
       v.                                        O R D E R
12
    ALBERTSON'S, INC. et al.,
13
            Defendants.
14  _____/

15       Plaintiff Robert Dodson brought this action against defendant

16  Rite Aid Corporation, d/b/a Rite Aid #6073, under the Americans

17  with Disabilities Act (ADA) after he allegedly encountered

18  architectural barriers at a shopping center in Sacramento,

19  California.  Plaintiff accepted defendant's offer of judgment,

20  which encompassed both injunctive relief and monetary damages.

21  Pending before the court is plaintiff's motion for attorneys' fees.

22  For the reasons explained below, the court awards plaintiff

23  $12,911.13 in fees and costs.

24                        **I. Procedural History**

25       Plaintiff commenced this action in 2006 against various

26  defendants based upon architectural barriers that he allegedly

                                     1

1  encountered at the Vineyard Square shopping center in Sacramento,
2  California.  On January 5, 2007, all defendants except one -- Rite
3  Aid -- were dismissed from this action.  On November 26, 2007,
4  plaintiff accepted Rite Aid's offer of judgment, which encompassed
5  injunctive relief and monetary damages in the amount of $4,001.
6  Fed. R. Civ. P. 68.  On November 27, 2007, the court entered
7  judgment in plaintiff's favor.

8                            **II. Standard**

9      The ADA provides that "the court . . . in its discretion, may
10  allow the prevailing party . . . a reasonable attorney's fee,
11  including litigation expenses, and costs." 42 U.S.C. § 12205.  The
12  propriety of awarding attorneys' fees turns on three elements: (1)
13  whether the party who seeks attorneys' fees is the prevailing
14  party; (2) whether the court should exercise its discretion to
15  award the fees; and (3) what constitutes a reasonable award.

16      A prevailing party is one who has "succeed[ed] on any
17  significant issue in litigation which achieves some of the benefit
18  the parties sought in bringing suit." Hensley v. Eckerhart, 461
19  U.S. 424, 433 (1983) (citations and internal quotation marks
20  omitted).  A party achieves prevailing party status by establishing
21  a "clear, causal relationship between the litigation brought and
22  the practical outcome realized." Rutherford v. Pitchess, 713 F.2d
23  1416, 1419 (9th Cir. 1983) (citations and internal quotation marks
24  omitted).  Although the attorneys' fees provision is stated in
25  discretionary terms, a prevailing plaintiff should ordinarily
26  recover attorneys' fees unless special circumstances would render

                                    2

1    such an award unjust.  <u>Barrios v. Cal. Interscholastic Fed'n</u>, 277

2    F.3d 1128, 1134 (9th Cir. 2002).

3         The starting point for calculating the amount of a reasonable

4    fee is the number of hours reasonably expended multiplied by a

5    reasonable hourly rate.  <u>Fischer v. SJB-P.D. Inc.</u>, 214 F.3d 1115,

6    1119 (9th Cir. 2000).  This lodestar figure is presumptively

7    reasonable and should only be enhanced or reduced in "rare and

8    exceptional cases."  <u>Id.</u> (quoting <u>Pennsylvania v. Del. Valley</u>

9    <u>Citizens' Council for Clean Air</u>, 478 U.S. 546, 565 (1986)).  The

10   court may, however, adjust the lodestar figure if various factors

11   overcome the presumption of reasonableness.  <u>Hensley</u>, 461 U.S. at

12   433-34.  The court may adjust the lodestar figure on the basis of

13   the <u>Kerr</u> factors:

14            (1) the time and labor required, (2) the novelty and
              difficulty of the questions involved, (3) the skill
15            requisite to perform the legal service properly, (4)
              the preclusion of other employment by the attorney due
16            to acceptance of the case, (5) the customary fee, (6)
              whether the fee is fixed or contingent, (7) time
17            limitations   imposed   by   the   client   or   the
              circumstances, (8) the amount involved and the results
18            obtained, (9) the experience, reputation, and ability
              of the attorneys, (10) the "undesirability" of the
19            case, (11) the nature and length of the professional
              relationship with the client, and (12) awards in
20            similar cases.

21   <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 364 n.8 (9th Cir. 1996)

22   (quoting <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th

23   Cir. 1975))[1]; <u>see</u> <u>also</u> <u>Cairns v. Franklin Mint Co.</u>, 292 F.3d 1139,

24   _____

25            [1] Before the lodestar method developed, <u>Kerr</u>'s twelve factors
     constituted the test for setting attorneys' fee awards in the Ninth
26   Circuit.  <u>See</u> <u>Kerr</u>, 526 F.2d at 70.  At present, the court uses
     some of the <u>Kerr</u> factors in deciding the reasonableness of the

1158 (9th Cir. 2002) ("The court need not consider all . . .
factors, but only those called into question by the case at hand
and necessary to support the reasonableness of the fee award.").

### III. Analysis

Plaintiff seeks attorneys' fees and costs in the amount of
$15,024.81.  Defendant argues that this amount should be reduced
to $3,738.88.  For the reasons explained below, the court awards
$12,911.13.

**A. Prevailing Party**

It is undisputed that plaintiff is the prevailing party in
this action, given that he accepted defendant's offer of
judgment.

**B. Discretion**

A prevailing plaintiff should ordinarily recover attorneys'
fees unless special circumstances would render such an award
unjust.  Barrios, 277 F.3d at 1134.  Here, defendant does not
contest that at least some fees should be awarded; rather,
defendant only contests the precise amount.

**C. Reasonable Fee**

The starting point for calculating the amount of a
reasonable fee is the number of hours reasonably expended
multiplied by a reasonable hourly rate.  See Hensley, 461 U.S.
at 433.

---

hours billed and the hourly rate.  Fischer, 214 F.3d at 1119 & n.3;
see also Morales, 96 F.3d at 364 n.9 (listing the Kerr factors
subsumed in the initial lodestar calculation).

1    **1. Reasonableness of Hours Billed**

2        Plaintiff's counsel has billed approximately 40 hours in

3    this action.  Attorney Lynn Hubbard billed 32.1 hours, and

4    attorney Scottlynn Hubbard billed 6.95 hours.  Defendant

5    contends that this amount was excessive because this was a

6    "typical run of the mill ADA case," Opp'n at 11, that did not

7    present any novel or difficult issues.  In addition, defendant

8    points out that plaintiff ultimately accepted its settlement

9    offer of $4,001 (closely tracking the $4,000 statutory minimum

10   amount of damages provided by California Civil Code § 52) and

11   that the injunctive relief only entails repairs to the restroom,

12   plus signage at the check-out stand.  Nevertheless, plaintiff's

13   attorneys only billed approximately 40 hours in this action --

14   which amounts to a week's worth of work.  While the results

15   obtained may have been modest, it is doubtful that litigating a

16   case from beginning to end (even if it settles before trial)

17   could take much less time.  At the very least, 40 hours is not

18   an unreasonable figure.

19       The court has also reviewed defendant's item-specific

20   objections.  Defendant has objected to each and every one of

21   plaintiff's billing entries -- several on the basis of the

22   hourly billing rate (a matter discussed below) but the majority

23   on other grounds.  Most of these objections are not

24   meritorious.[2]  Nevertheless, because certain letters, discovery

25   _____

26       [2] For example, defendant argues that because plaintiff's
     counsel chose to locate their offices in Chico, travel time to

1   requests, and stipulations were created by modifying preexisting

2   documents (and therefore should have taken significantly less

3   time than creating such documents from scratch), the court

4   reduces Lynn Hubbard's hours billed by 2.9 hours.[3]  Accordingly,

5   the reasonable number of hours billed is 29.2 hours for Lynn

6   Hubbard and 6.95 hours for Scottlynn Hubbard.  For paralegal and

7   legal assistants, the reasonable number of hours billed is 9.9

8   hours.[4]

9       **2. Reasonable Hourly Rate**

10      The court determines the reasonable hourly rate "according

11  to the prevailing market rates in the relevant community," <u>Blum</u>

---

13  Sacramento (which plaintiff's counsel bills at a lower rate) should
    not be compensated.   The court has rejected this argument
14  elsewhere.  <u>Chapman v. Pier 1 Imports, Inc.</u>, No. 04-1339 LKK/DAD,
    2007 WL 2462084, at *4 (E.D. Cal. Aug. 24, 2007).  Defendant also
15  argues that time spent performing a conflicts check is not
    compensable, <u>see</u> <u>Martinez v. Thrify Payless, Inc.</u>, No. 02-0745
16  MCE/JFM, 2006 WL 279309, at *4 (E.D. Cal. Feb. 6, 2006), but as it
    is "necessary and directly related to [] litigation," it is
17  recoverable as attorneys' fees.  <u>See</u> <u>Michigan v. U.S. Entl. Prot.
    Agency</u>, 254 F.3d 1087, 1093 (D.C. Cir. 2001).

18      [3] The court makes this deduction based upon the following
    billing entries.  With regard to the initial settlement demand, the
19  court reduces the time from .7 to .3 hours.  With regard to
    reviewing defendant's response to the request for production of
20  documents, set two (which simply stated their unavailability), the
    court reduces the time from .5 to .2 hours. With regard to the
21  stipulation to amend the scheduling order, the court reduces the
    time from .8 to .5 hours.  With regard to plaintiff's acceptance
22  of the offer of judgment, the court reduces the time from .5 to .2
    hours.  With regard to the bill of costs, the court reduces the
23  time from 2.1 to .5 hours.

24      [4] The court deducts .6 hours for telephone calls, based on the
    declaration of defendant's counsel.  <u>See</u> Decl. of Catherine
25  McCleary, ¶ 2.  The remaining hours billed by the paralegals and
    legal assistants are recoverable.  <u>See</u> <u>Missouri v. Jenkins by
26  Agyei</u>, 291 U.S. 274, 288 (1989).

6

1  *v. Stenson*, 465 U.S. 886, 895 (1984), which is typically the one

2  in which the district court sits, *Gates v. Deukmejian*, 987 F.2d

3  1392, 1405 (9th Cir. 1992).  The experience, skill, and

4  reputation of the attorney requesting fees are taken into

5  account.  See *Webb v. Ada County*, 285 F.3d 829, 840 & n. 6 (9th

6  Cir.2002).  The party moving for attorneys' fees "has the burden

7  of producing satisfactory evidence, in addition to the

8  affidavits of its counsel, that the requested rates are in line

9  with those prevailing in the community for similar services of

10  lawyers of reasonably comparable skill and reputation." *Jordan*

11  *v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987) (citing

12  *Blum*, 465 U.S. at 895-97 & n.11).

13      The rates that courts in this district currently use for

14  ADA practitioners were set approximately a decade ago.  See,

15  *e.g.*, *Connally v. Denny's, Inc.*, No. 96-5521 SMS slip op. at 6

16  (E.D. Cal. Aug. 10, 1999) (setting hourly rate at $250);

17  *Connally v. Brooks*, No. 99-0220 DFL/PAN, slip op. at 6 (E.D.

18  Cal. Dec. 4, 2000) (same).  While courts may appropriately look

19  to previous cases for guidance in determining the prevailing

20  market rate, exclusive reliance on such historical data would

21  lock-in a fixed rate that ignores inflation and other market

22  pressures affecting the cost of legal services.[5]  Accordingly,

23

---

24      [5] It would also ignore the fact that as attorneys acquire more
     experience, they may justifiably charge a higher rate for their
25  services.  Thus, in addition to ignoring inflation, holding a
     particular attorney's rate constant for 10 years fails to take into
26  account his or her current level of experience.

7

1  rate increases over time are appropriate.  See Friend v.

2  Kolodzieczak, 72 F.3d 1386, 1391 n.5 (9th Cir. 1995) (finding a

3  $50 increase in hourly billing rates over 3 years to be

4  "reasonable in view of inflation and rising costs of legal

5  services"); see also Associated Indem. Corp. v. Fairchild

6  Indus., Inc., 961 F.2d 32, 35-36 (2d Cir. 1992) (courts may take

7  judicial notice of inflation).

8       Here, plaintiff requests $350/hour for Lynn Hubbard,

9  $225/hour for associate Scottlynn Hubbard, and $90/hour for

10  paralegals and legal assistants (previously at $250/hour,

11  $150/hour, and $75/hour, respectively).  There is no dispute

12  that plaintiff's counsel are skilled and experienced ADA

13  practitioners.  In light of the time that previous rates were

14  held constant, the court finds that these requested rates fairly

15  reflect the prevailing market rates for ADA litigation in this

16  district.[6]  See Friend, 72 F.3d at 1391 n.5; see also Decl. of

17  Lynn Hubbard ¶ 9, 22.

18       **3. Lodestar adjustment**

19       The lodestar figure is presumptively reasonable and should

20  only be enhanced or reduced in "rare and exceptional cases."

21  Fischer, 214 F.3d at 1119.  Reviewing the Kerr factors not

22

23       _____

         [6] The paralegal rate only applies to paralegal-level tasks,
24  as opposed to "purely clerical or secretarial tasks." See Missouri
    v. Jenkins by Agyei, 491 U.S. 274, 288 n.10 (1989); Burt v.
25  Hennessey, 929 F.2d 457, 459 (9th Cir. 1991) (holding that
    secretarial tasks are compensable at a lower rate than paralegal
26  tasks).  Here, the court applies a lower rate of $75/hour for the
    .4 hours spent on faxing.

1  already addressed in arriving at the lodestar figure, the court

2  finds that this is not a rare or exceptional case.  Accordingly,

3  no upward or downward adjustment to the lodestar figure is

4  appropriate.

5  **D. Costs**

6      Plaintiff requests $1,281.06 in costs.  Because this figure

7  double-counts the filing fee, service of process fee, and mail

8  expenses, the court deducts $374.68.

9  **IV. Conclusion**

10      For the reasons explained above, the court awards

11  attorneys' fees and costs in the following amounts:

12      Lynn Hubbard:        25.2 hours @ $350/hour   =   $8,820.00

13      Lynn Hubbard:        4 hours @ $175/hour[7]    =     $700.00

14      Scottlynn Hubbard:   6.95 hours @ $225/hour   =   $1,563.75

15      Paralegal:           9.9 hours @ $90/hour     =     $891.00

16      Secretarial Tasks:   .4 hours @ $75/hour      =      $30.00

17      Litigation expenses and costs:                =     $906.38

18      Total attorneys' fees and costs:              = $12,911.13

19      It is therefore ORDERED that plaintiff's motion for

20  attorneys' fees and costs is GRANTED in the total sum of

21  $12,911.13.

22      IT IS SO ORDERED.

23      DATED: February 1, 2008.

                                   LAWRENCE K. KARLTON
24                                 SENIOR JUDGE
                                   UNITED STATES DISTRICT COURT

25      [7] This figure reflects the rate that the billing entry lists
    for travel, although Mr. Hubbard's accompanying declaration
26  incorrectly applied the higher rate.

                                   9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26